## THE BRONX.

### THE QUEENS.

(Circuit Court of Appeals, Second Circuit. February 13, 1918.)

### No. 149.

1. COLLISION &#9758;95(5)—OVERTAKING VESSEL—TUGS WITH TOWS.

   An overtaking tug, with a car float alongside, navigating in the North River, which pressed between two other tugs with tows without exchange of signals, and which, on encountering a crossing ferryboat entitled to the right of way, was compelled to go astern because of the tugs on either side, and thus came into collision with one of them, *held* solely in fault.

2. COLLISION &#9758;96—INDIRECT LIABILITY—SLOWING OF FERRYBOAT APPROACHING SLIP.

   A ferryboat must slow before entering her slip, and in doing so does not violate the starboard hand crossing rule; and the time at which the order to slow should be given is a matter depending upon circumstances, within the discretion of the master.

3. ADMIRALTY &#9758;126—PROCEDURE ON APPEAL.

   A party to a suit in admiralty, who without appealing fails in an attempt to either vary or sustain the decree of the court below, will be treated as an appellant as to costs.

Appeal from the District Court of the United States for the Southern District of New York.

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit for collision by the Cornell Steamboat Company against the steam tug Bronx, the Delaware, Lackawanna & Western Railroad Company, claimant, with the ferryboat Queens, the City of New York, claimant, impleaded. Decree for libelant against both respondents, and the City appeals. Reversed as to appellant, and decree directed against the Bronx alone.

Lamar Hardy, Corp. Counsel, of New York City (Terence Farley, E. Crosby Kindleberger, and George P. Nicholson, all of New York City, of counsel), for appellant.

Kirlin, Woolsey & Hickox, of New York City (Robert S. Erskine, of New York City, of counsel), for libelant appellee.

A. J. McMahon, of New York City (Ellis W. Leavenworth, of New York City, of counsel), for claimant appellee.

Before WARD and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

WARD, Circuit Judge. March 4, 1916, at about 9 a. m., in clear weather, on a flood tide, the tug Rose with a loaded brick scow on two short hawsers, the tug Bronx with a loaded car float on her starboard side, and the tug White Ash with a barge on each side, were proceeding from the North River around the Battery into the East River; the Bronx overtaking the Rose and the White Ash. At the same time the ferryboat Queens was crossing the courses of these three tows from their starboard side, bound to her slip at the foot of Whitehall street, Battery, New York, and a tug with a hawser tow was coming down the East River across the slip, close inshore.

The Bronx, without giving any passing signal to them, pressed in between the Rose and the White Ash, answered a signal of one whistle from the ferryboat, stopped, and then went full speed astern; the Rose also went full speed astern. The effect of their maneuvers was that the bow of the Bronx was thrown to port, the bow of the Rose to starboard, and the vessels came into collision; the Rose sustaining considerable damage. In the meantime the ferryboat had passed safely into her slip.

The owner of the Rose filed a libel against the tug Bronx, which brought in the ferryboat under the fifty-ninth rule in admiralty (29 Sup. Ct. xlvi). The District Judge found both the Bronx and the ferryboat in fault, and the city of New York, claimant of the ferryboat, alone appealed.

[1] The three tows, being on courses crossing the course of the ferryboat and having her on their starboard hand, were bound to keep out of her way. We have no doubt at all of the liability of the Bronx. She pressed into a pocket between the Rose and the White Ash without any exchange of the signals required by law, and was obliged to go astern because she could not port and go across the bows of the White Ash and under the stern of the ferryboat.

[2] Witnesses from the tows testify, some that the ferryboat stopped her engines, and some that she stopped her way at an unnecessary distance from her slip and just in front of the Bronx and Rose. If

this were true, the ferryboat might be held at fault for indirectly causing the collision between the other boats, though in the case of The Eider (D. C.) 37 Fed. 903, relied upon by counsel for the Bronx, the ferryboat was herself in collision.

We do not, however, credit these statements. A ferryboat must slow before entering her slip, and in doing so is not violating the starboard hand rule. The Dakota, 68 Fed. 507, 15 C. C. A. 538. As no one at all on the ferryboat knew anything whatever about the collision until long afterward, we are convinced that she did not depart from her usual course of navigation, and that when she exchanged the signal of one whistle with the Bronx there was no danger of collision. Her log shows that she generally slows three minutes before tying up at the bridge, but sometimes the order is given four or five minutes before. Apparently minutes are not split in making the entries. On this occasion she slowed five minutes before, no doubt because of the tug and tow that were crossing her slip. The time at which the order should be given is a matter depending upon circumstances, within the discretion of the master, and we do not feel called upon, in view of the testimony from the tugs, to hold that the master gave the order sooner than he should have done.

[3] The libelant, owner of the tug Rose, originally libeled only the tug Bronx, but in its brief in this court sought to maintain the decree of the court below against the ferryboat, as well as against the Bronx. On the other hand, the claimant of the tug Bronx sought to vary the decree by imposing the whole liability upon the ferryboat. An appeal in admiralty is a new trial, and only the appellant is obliged to file assignments of error. It is our practice to treat parties who, without appealing, either fail in an attempt to vary or to sustain the decree of the court below, as appellants. Because the claimant of the Rose failed to sustain the decree against the ferryboat, and the claimant of the Bronx failed to vary it, the costs of the claimant of the ferryboat in this court must be paid, one-half by the libelant and one-half by the claimant of the tug Bronx.

The court below is directed to enter a decree in favor of the libelant, with costs, and in favor of the city of New York for the costs of the District Court against the tug Bronx and her claimant. Costs of this court to the city of New York against the libelant and the claimant of the tug Bronx.